UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA KAY MASSON,<br><br>                    Plaintiff,<br>     v.<br><br>Nancy A Berryhill, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:17-cv-01061-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 6, 2018 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

The parties agree that the Administrative Law Judge (ALJ) erred and that the decision was not supported by substantial evidence. However, defendant opposes remand for an award of benefits, arguing that the case should be remanded for further proceedings.  For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for an award of benefits.

REPORT AND RECOMMENDATION - 1

FACTUAL AND PROCEDURAL HISTORY

Plaintiff was 58 years old at the time of the remand hearing. AR 409-10. She lives alone in a condominium. AR 410, 420. Plaintiff has a Master's Degree in Health Education and worked for the Social Security Administration (SSA) as a tele-service representative from 1997 to 2010. AR 37, 127-29. Plaintiff applied for disability benefits based on vertigo/vestibular disorder, a neck impairment, and interstitial cystitis. AR 61-63.

On January 7, 2011, plaintiff filed an application for disability insurance alleging that she became disabled beginning September 9, 2010. Dkt. 6, Administrative Record (AR) 61-62. The application was denied on initial administrative review and on reconsideration. AR 61, 69. An initial hearing was held on October 26, 2012 before ALJ Cynthia Rosa at which plaintiff appeared and testified as did a vocational expert. AR 541-71. The Appeals Council denied review on June 12, 2014, and an appeal was filed. AR 511-21. On January 12, 2015, United States Magistrate Judge Brian A. Tsuchida reversed and remanded the case on a stipulated motion. AR 527-34.

On remand, two hearings were held by ALJ Glenn G. Meyers. The first hearing was held on January 12, 2016 when plaintiff appeared and testified, as did vocational expert (VE) Mark Harrington. AR 405-440. Following the hearing, ALJ Meyers determined that medical expert testimony was required. AR 389, 446. The supplemental hearing was held on January 5, 2017; plaintiff appeared, but did not testify, and two medical experts and VE Ann Jones appeared and testified. AR 441-93.

In a written decision dated May 5, 2017, ALJ Meyers documented his analysis at each of the five steps. AR 386-404. Steps one and two were resolved in plaintiff's favor. AR 391-92. At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 392-

1  93. The ALJ considered plaintiff's residual functional capacity (RFC) and found at step four that
2  plaintiff could not perform her past relevant work. AR 393-96. The ALJ found at step five that
3  plaintiff could perform jobs that exist in significant numbers in the national economy and
4  therefore she was not disabled. AR 396-98.

5        Plaintiff filed her second appeal in a complaint filed with this Court on July 13, 2017.
6  Dkt. 1. Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits arguing
7  the ALJ erred by: (1) finding transferable skills that are not supported by the record and failing to
8  find plaintiff disabled under the medical-vocational guidelines (the grids); (2) improperly
9  assessing the opinions of acceptable medical sources; (3) failing to provide clear and convincing
10 reasons supported by substantial evidence to reject plaintiff's statements; and (4) failing to
11 consider all of plaintiff's limitations and all of the evidence when assessing plaintiff's RFC. Dkt.
12 8 at 1.

13       Defendant concedes error, but opposes remand for an immediate award of benefits,
14 claiming that "there are unresolved issues that must be evaluated and the record does not clearly
15 require a finding of disability." Dkt. 16 at 2. Defendant argues that further administrative
16 proceedings would allow for further development and consideration of the medical evidence and
17 issues at step five of the sequential evaluation. Dkt. 16 at 4-5. Plaintiff responds that there is no
18 conflict which must be resolved, that the record has been fully developed, and there is no doubt
19 as to plaintiff's disability. Dkt. 17 at 4-5.

20                             DISCUSSION

21       The only issue before the Court is whether this case should be remanded for further
22 proceedings or for an award of benefits.  "The decision whether to remand a case for additional
23 evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v.*
24 *Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232

25

REPORT AND RECOMMENDATION - 3

1  (9th Cir. 1987)). If an ALJ makes an error and there is uncertainty and ambiguity in the record,

2  the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880

3  F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018) (quoting *Treichler v. Comm'r of*

4  *Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that additional

5  proceedings can remedy the errors that occurred in the original hearing, the case should be

6  remanded for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

7  The Ninth Circuit has developed a three-step analysis for determining when to remand

8  for a direct award of benefits. Such remand is generally proper only

> where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

12  *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

13  The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the

14  ALJ's reasons for rejecting the evidence legally insufficient? *Leon*, 880 F.3d at 1045. Then,

15  having answered that question in the affirmative, the Court considered the second step in the

16  analysis: Are there remaining issues that must resolved before a disability determination can be

17  made, and would further administrative proceedings be useful? *Id.* The Court confirmed that the

18  third step would result in an award of benefits only if the questions at parts one and two of the

19  analysis are answered yes—and crediting the improperly discredited evidence as true, further

20  proceedings would appear to be unnecessary. *Id.*

21  The Court in *Leon* held that even where the district court finds in the first part of the

22  analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds

23  in the second part of the analysis that there is "a fully developed record without any conflicts,

gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true, it is still within the court's discretion whether to remand for further proceedings or for award of benefits. *Leon,* 880 F.3d at 1045. If, considering the record as a whole, there are reasons for the district court to have serious doubt as to whether the claimant is disabled, the district court retains discretion to remand to the agency for additional proceedings. *Id.*; *Revels,* 874 F.3d at 668.

The credit-as-true factors are satisfied here. First, the parties agree that the first step is satisfied because the ALJ erred with respect to the medical opinion evidence of Dr. Larry Duckert, M.D. and Dr. Sabina Scott, AuD, and that plaintiff had transferable computer skills.[1] Dkt. 8; Dkt. 16; Dkt. 17. *See Trevizo*, 871 F.3d at 682-83 (internal citation omitted).

Regarding ambiguities and conflicts in the record, *see Leon,* 880 F.3d at 1045, defendant argues that remand for further proceedings is necessary to resolve the "apparent conflict" between Dr. Duckert's opinion and that plaintiff's transferrable skills included use of a computer. Dkt. 16 at 2-3. The ALJ assigned great weight to Dr. Duckert's opinion that plaintiff was unable to multi-task visually on the computer, and her symptoms were triggered when she was working on an activity that required attention to visual cues and information. AR 218, 396. The ALJ wrote that he included all of Dr. Duckert's limitations into the RFC. AR 396. Yet the ALJ also found that plaintiff's transferable skills include the use of a computer, which requires

---

[1] Defendant concedes error with respect to the medical opinion evidence of Dr. Larry Duckert, M.D. and Dr. Sabina Scott, M.D. (Au.D.), and that plaintiff had transferable computer skills. Dkt. 16 at 2-4. The Court notes that defendant does not address whether the ALJ properly rejected plaintiff's credibility. *See* Dkt. 9 at 11-14 (plaintiff contends that the ALJ improperly rejected her subjective symptom testimony); Dkt. 16. However, defendant does request that upon remand, the ALJ will "further evaluate the medical opinion evidence and subjective symptoms[.]" Dkt. 16 at 2. Because defendant concedes to remand and that the ALJ improperly considered the medical opinion evidence, the Court will not address whether the ALJ erred with respect to plaintiff's subjective symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017) (remand for an award of benefits is proper where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion evidence).

dealing with frequently changing stimuli. AR 397-98. The ALJ went on to find that plaintiff can perform work as a Civil Service Clerk[2] and Referral Information Aide, stating that these two jobs involve computer requirements that are "significantly less demanding than the computer use requirements of [plaintiff's] past relevant work," and that "[w]ith the reduction in computer screen display requirement(s), [plaintiff] is able to perform both of these jobs." *Id.*

Contrary to defendant's contention, there is no conflict in the ALJ's findings concerning Dr. Duckert's opinion. Rather, the ALJ either overlooked or mischaracterized the portion thereof regarding plaintiff's stimuli triggers. That is, the ALJ simply failed to carry out his duty to adequately explain why he was not adopting all of Dr. Duckert's findings. The Commissioner "should not have another opportunity to show that" the ALJ properly evaluated those findings, "any more than [plaintiff], had [s]he lost [her appeal], should have an opportunity for remand and further proceedings to establish" her entitlement to a finding of disability. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (remanding for the purpose of "revisit[ing] the medical opinions and testimony that [the ALJ] rejected for legally insufficient reasons," would serve no useful purpose, but instead would merely allow the ALJ "to have a mulligan"); *Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple."). Thus, the ALJ's error with respect to Dr. Duckert's opinion is not a valid reason to remand for further proceedings.

Next, defendant argues that remand for further proceedings is appropriate to reconsider

---

[2] The ALJ stated "General Clerk" in his decision, but lists the DOT code for Civil Service Clerk. AR 397. At the hearings, VE Harrington and VE Jones reference the Civil Service Clerk by DOT Code, but VE Jones refers to the position as a "General Clerk". AR 434-37, 484-88.

REPORT AND RECOMMENDATION - 6

1  Dr. Scott's opinions that plaintiff's vertigo triggers included bright lights and computer screens.

2  Dkt. 16 at 3; AR 396, 461, 465-66. Defendant concedes that the ALJ erred by assigning partial

3  weight to Dr. Scott's opinion because the impairments appeared to be "out of Dr. Scott's practice

4  area and/or expertise." Dkt. 16 at 3; AR 396.

5  Defendant also acknowledges that Dr. Scott's opinion is consistent with Dr. Duckert's

6  findings and plaintiff's testimony. Dkt. 16 at 3 (citing AR 218, 427-28). Thus, Dr. Scott's

7  opinion is not only supported by her expertise, but by findings in the record from other medical

8  sources as well as plaintiff's testimony and self-reporting concerning the frequency and severity

9  of her vertigo symptoms. *See* AR 414-15, 428-29, 465-66. As such, reconsideration of Dr.

10 Scott's opinion does not serve a useful purpose, nor does it involve an outstanding issue that

11 must be resolved before a determination of disability can be made. *Ross v. Comm'r of Soc. Sec.*

12 *Admin.,* 2018 WL 263639, at *14 (D. Or. Jan. 2, 2018) (remanding for an award of benefits

13 where the improperly discredited medical opinions were consistent with one another and with the

14 record as a whole).

15 Moreover, plaintiff's case has been reviewed twice, with three hearings before two ALJs

16 and two appeals to this Court. On remand, ALJ Meyers obtained two consultative examination

17 assessments. AR. 451-78.  Additional exams would seem to be superfluous. AR 133; *Varney v.*

18 *Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir.1988) ("Delaying the payment of

19 benefits by requiring multiple administrative proceedings that are duplicative and unnecessary

20 only served to cause the applicant further damage—financial, medical, and emotional."). Thus,

21 defendant has not identified any areas where further development of the record would serve a

22 useful purpose, and the Court concludes that the second step in the credit-as-true analysis is

23 satisfied.  *See Leon*, 880 F.3d at 1045.

24

25

REPORT AND RECOMMENDATION - 7

Lastly, defendant argues that remand for further proceedings is appropriate to reconsider whether plaintiff has any transferable skills other than computer work, and if not, if she is capable of performing any work existing in the national economy. Dkt. 16 at 2-4. The parties agree that the ALJ's decision mischaracterized Dr. Duckert's opinion with respect to plaintiff's computer skills. *See, supra.* Based on the VE's testimony, it is clear from the record that the ALJ would be required to find plaintiff disabled were such evidence credited. *See Trevizo*, 871 F.3d at 682-83 (internal citation omitted).

The VE was already asked to identify such skills, and the ALJ found that plaintiff's transferable skills are "working with computers, answering calls, researching and providing information, and data entry." AR 397, 480-81. VE Jones and VE Harrington testified that the Civil Service Clerk and Referral Information Aide positions are the only jobs that plaintiff could perform, considering the transferable skills that she acquired as a contact representative. AR 437-39, 482. VE Harrington and VE Jones also opined that the Civil Service Clerk and Referral Information Aide jobs require the use of a computer, and VE Jones testified that computer use would be "constant." AR 436-38 (VE Harrington); 485-88 (VE Jones). VE Jones testified that an individual with limitations of "no bright lights" and "no rapidly moving objects" in the work area would not be able to perform a Civil Service Clerk or Referral Information Aide position. AR 487-88.

Therefore, the only remaining "transferable" skill as identified by the ALJ that does not involve the use of a computer would be answering phones. AR 397. However, answering the phone is not a skill based on the provision of SSR 82-41, which provides that "[a] skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an

1  occupation which is above the unskilled level (requires more than 30 days to learn)." Examples
2  of a skill are "reading blueprints, and setting up and operating complex machinery." *Id.*

3  Because plaintiff does not have any transferable skills due to her impairments, turned 55
4  in 2012, and is limited to sedentary work, AR 393, plaintiff is disabled under grid rule 201.06.
5  *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table 1, Rule 201.06. Moreover, because plaintiff is
6  limited to unskilled sedentary work, she is also disabled under grid rule 201.04. *See* 20 C.F.R.
7  Part 404, Subpart P, App. 2, Table 1, Rule 201.04; *See also* 20 CFR § 404.1565 ("If you cannot
8  use your skills in other skilled or semi-skilled work, we will consider your work background the
9  same as unskilled."). Allowing defendant a third opportunity to try to meet her burden at step
10 five would create the very " 'heads we win; tails, let's play again' system of disability benefits
11 adjudication," that the Ninth Circuit has repeatedly cautioned against. *Benecke v. Barnhart,* 379
12 F.3d 587, 595 (9th Cir. 2004). Thus, if the improperly discredited evidence were credited as true,
13 the ALJ would be required to find plaintiff disabled on remand, and the third step of the credit-
14 as-true rule is satisfied. *See Trevizo*, 871 F.3d at 682-83 (internal citation omitted).

15 Moreover, considering the record as a whole, because defendant acknowledges that the
16 ALJ erred in evaluating the opinion evidence and the further proceedings would not serve any
17 useful purpose, the Court concludes that there is no serious doubt that plaintiff is disabled. *See*
18 *Leon,* 880 F.3d at 1047; *Revels,* 874 F.3d at 668. Therefore, the undersigned recommends
19 remand for an award of benefits.

## CONCLUSION

21 Based on the foregoing discussion, undersigned recommends that the Court reverse
22 defendant's decision to deny benefits and remand this matter for an award of benefits.
23 The parties have **fourteen (14) days** from service of this Report and Recommendation to
24 file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)
25

REPORT AND RECOMMENDATION - 9

72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **April 6, 2018**, as noted in the caption.

Dated this 15th day of March, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10